NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-667

THANH C. TRAN

vs.

LIBERTY MUTUAL GROUP, INC. & others.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

In this case the appellant (Tran) seeks review of an order of the trial court allowing the withdrawal of his counsel, the appellee law firm (the firm). The facts underlying this dispute are well known to both parties and will not be repeated here in detail. Because the dispute requires the discussion of attorney-client privileged material, the parties filed their briefs under an impoundment order, and well as redacted copies of their briefs, which have been made public and served on the defendant in the underlying action. Likewise, this opinion is being issued in two formats. The unpublished opinion issued by the Clerk of Court contains redactions of privileged material.

---

[1] Liberty Mutual Insurance Co., Liberty Mutual Group Asset Management Inc., and Terri Z. Campbell. The appellee, the law firm ████████████████████████████, is not named in the underlying complaint.

A sealed version of the decision will be sent directly to the appellant and the appellee so that they can understand with more specificity our reasoning in reaching our decision in this case.

This case involves the representation of Tran in a lawsuit alleging discrimination by Liberty Mutual. The firm agreed to represent Tran. In order to protect litigants and ensure the proper functioning of our judicial system, once representation is accepted in a circumstance like this, counsel is not entitled to withdraw, but must seek leave of the court to do so. LoCicero v. Hartford Ins. Group, 25 Mass. App. Ct. 339, 344 (1988). A judge granted the firm leave to withdraw and Tran claims this was error. We affirm.

Background. In this case, ██████████████████ █████████████████████████████████████████████ █████████████████████████████████ █████████████ █████████████████████ █████████████████████████ ████████████████████████████████████████ ██████████████████████████ ███████████████████████████████████████████ ████████████████████████ █████████████ █████████████████████████████████████████████ ███████ ████████████████████████████████████ ████████████████████████████████████████████████

[REDACTED] Tran paid every bill submitted to him [REDACTED].

In filing its motion to withdraw, the firm [REDACTED]

*Discussion.* To withdraw from the representation of a client, an attorney must comply with two rules: Mass. R. Prof. C. 1.16, as amended, 480 Mass. 1316 (2018), and Mass. R. Civ. P. 11 (c), as amended, 456 Mass. 1401 (2010). See Kiley, petitioner, 459 Mass. 645, 647-648 (2011). The former rule identifies the "limited circumstances under which an attorney must or may withdraw." Kiley, petitioner, supra at 648. The latter rule requires that, even where one or more of those limited circumstances apply, the attorney must obtain leave of court "unless three conditions are met: the notice of withdrawal is accompanied by the entry of appearance of successor counsel, no motions are pending, and no trial date has been set." Id. at 649. If one or more of these conditions are not met, "the decision whether to allow an attorney's withdrawal is left to the sound discretion of the judge and will be reversed only for an abuse of discretion." Id. Here, at the time of the firm's motion for withdrawal, no successor counsel had made an appearance, and a trial date had been set. Thus, we first consider whether counsel was required or permitted to withdraw under rule 1.16, turning in light of our conclusion on that question to whether the judge's decision to allow the firm's withdrawal was an abuse of discretion.

The firm's primary argument is that its withdrawal was required under rule 1.16 (a) (1). ███████████████████

4

[BLACK REDACTION BAR]

[BLACK REDACTION BAR]

[BLACK REDACTION BAR]

[BLACK REDACTION BAR]

[BLACK REDACTION BAR]

[BLACK REDACTION BAR]

[BLACK REDACTION BAR]

[BLACK REDACTION BAR]

[BLACK REDACTION BAR].

We disagree that withdrawal was mandated in this circumstance. [BLACK REDACTION BAR]

[BLACK REDACTION BAR]

[BLACK REDACTION BAR]

[BLACK REDACTION BAR]

[BLACK REDACTION BAR].

Furthermore, even if such an allegation were characterized the way the firm suggests, it would not create the kind of conflict of interest that mandates withdrawal. The types of conflicts envisioned by the Rules of Professional Conduct are those where a firm's zealous representation of their client would be compromised by an interest that might place the lawyer under pressure to change their advice, for example, because giving that advice would lead to litigation against the firm. See rule 1.7 (a) (2) (conflict of interest exists if "there is a

5

significant risk that the representation of one or more clients will be materially limited by . . . a personal interest of the lawyer"). Nothing ████████████████████████████████████ would do anything to create an interest at the firm in changing its legal advice and failing zealously to represent their client.[2]

As for permissive withdrawal, under rule 1.16 (b) (1), a lawyer "may" withdraw from representation where the withdrawal can be accomplished "without material adverse effect on the interests of the client."  Where withdrawal will have a material adverse effect on the client's interests, a lawyer may withdraw only if at least one of the following circumstances is present:

"(2) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;

"(3) the client has used the lawyer's services to perpetrate a crime or fraud;

"(4) the client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement;

"(5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;

"(6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or

---

[2] ████████████████████████████████████████████████
████████████████████████████████████████████████
██████████████████████████████████████.

6

"(7) other good cause for withdrawal exists."

Rule 1.16 (b).

Through the date of oral argument in this case, ████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
██████████████████████████████████████████████
████████████████████ █████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
██████████████████████████████████.

Since arguing this appeal, Tran obtained successor counsel, and because of this, the firm filed a motion to dismiss the appeal on the ground of mootness on April 11, 2023. A jury verdict was entered in the underlying action in favor of The Sage Group on July 6, 2023, and the firm filed a second motion to dismiss for mootness. We pause to address the firm's motions.

We do not think that these events render this appeal moot. First, Tran indicates that despite the appearance of successor counsel, he wishes to have the firm continue to represent him, at least as co-counsel. Tran argues that he intends to appeal the jury verdict and wishes for the firm to represent him at any new trial. He also notes that ████████████████████████████████████



.[3] Consequently the case is not moot and the firm's motions are denied.

Turning to rule 1.16, we do not think the late arrival of successor counsel necessarily means that the trial court judge would have found withdrawal was "without material adverse effect" on Tran and we do not think ████████████ ████████████ standing alone, have been sufficient to permit allowance of the motion to withdraw.

The firm argues that its withdrawal was independently permissible under both prongs of rule 1.16 (b) (6) ████████ ████████████████████ ██████████████████ ████████████████████ But we disagree ██████

—————————————

[3] ████████████████████████████ ████████████████████████████████ ████████████████████████████████ ████████████████████████████ ██████.

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ and we are sufficiently skeptical that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.

Nonetheless, under the rule, withdrawal may be permitted for "other good cause," rule 1.16 (b) (7), and we have held that "a breakdown in the attorney-client relationship serves as good cause for withdrawal." <u>Minkina</u> v. <u>Frankl</u>, 86 Mass. App. Ct. 282, 293 (2014). ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ there was sufficient evidence here to support a finding that there had been an "irreconcilable breakdown in the attorney-client relationship," see <u>Commonwealth</u> v. <u>Tate</u>, 490 Mass. 501,

9

518 (2022), and that withdrawal therefore was permitted under rule 1.16 (b) (7).

The remaining question, then, is whether the judge abused his discretion in allowing the motion. ██████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ███████████████████████████████ █████████████ █████████ ████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ██████████████████████████████ █████████ █████████████████████████████████ ████████████████████████████████████████

██████████████. We cannot properly say that at the time the

decision was rendered it was an abuse of discretion.

Conclusion. The orders allowing the motion to withdraw and denying the motions for reconsideration are affirmed.[4]

So ordered.

By the Court (Green, C.J., Rubin & Hand, JJ.[5]),

*Joseph F. Stanton*

Clerk

Entered: October 16, 2023.

---

[4] A single justice allowed the late filing of the notice of appeal in this case. The firm sought review of that order before a second single justice. That second single justice treated it as notice of cross appeal, and permitted the firm to raise its claim with respect to the first single justice order in its brief before us. Although, therefore, that cross appeal is properly before us, as we read the firm's brief it asks us to affirm the order allowing the motion to withdraw and, only alternatively, to act on its cross appeal. As we are affirming the order allowing the motion to withdraw, the order of the single justice will therefore also be affirmed. The appellant Tran has also filed two notices of appeal from denials of motions for reconsideration of the order allowing the motion to withdraw. In light of our conclusion on the merits of the allowance of the motion to withdraw, those denials are affirmed.

[5] The panelists are listed in order of seniority.

11